UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION
HOUSTON, TEXAS,
FEBRUARY 21, 2014
11:30 A.M.

UNITED STATES OF AMERICA   .   4:12-CR-00272-32

VERSUS   .

FREDRICK MICHAL VILLARREAL  .

ALSO KNOWN AS BIG MIKE   .

. . . . . . . . . . . .

UNITED STATES OF AMERICA   .   4:12-CR-00272-36

VERSUS   .

JAMES FRANCIS SAMPSELL   .

. . . . . . . . . . . .

TRANSCRIPT OF REARRAIGNMENTS
BEFORE THE HONORABLE SIM LAKE
UNITED STATES DISTRICT JUDGE

1                          *APPEARANCES*

2

3    FOR THE GOVERNMENT IN BOTH CASES:

4         Edward F. Gallagher
          Assistant United States Attorney
5         1000 Louisiana
          Suite 2300
6         Houston, Texas  77002

7

     FOR THE DEFENDANT VILLARREAL:
8

9         Thomas Allan Martin
          Attorney at Law
10        1018 Preston
          Suite 500
11        Houston, Texas  77002

12

     FOR THE DEFENDANT SAMPSELL:
13

          Larry Eastepp
14        LARRY EASTEPP PC
          5300 Memorial Drive
15        Suite 1000
          Houston, Texas  77007
16

17   OFFICIAL COURT REPORTER:

18        Mayra Malone, CSR, RMR, CRR
          U.S. Courthouse
19        515 Rusk, Room 8004
          Houston, Texas  77002
20

21   Proceedings recorded by mechanical stenography.  Transcript
     produced by computer-aided transcription.
22

23                      - - - - -

24

25

P R O C E E D I N G S

1

2        THE COURT:  Is there some concern about rearraigning

3   the defendants at the same time since the plea agreements are

4   virtually the same?

5        MR. EASTEPP:  The concern for me, Judge, and

6   my client, and I do have some concern.  I would rather tell you

7   at the bench than out loud.

8        THE COURT:  Okay.

9        THE COURT REPORTER:  Is this on the record, Judge?

10       THE COURT:  You don't need to put this on.

11   *(Off the record discussion held at the bench)*

12       THE COURT:  United States versus Fredrick Villarreal,

13   Criminal Action H-12-272.

14            Would you please state your name, please, sir?

15       DEFENDANT VILLARREAL:  Fredrick Villarreal.

16       THE COURT:  I understand that you wish to plead guilty

17   to Count One which charges you with conspiracy to participate

18   in racketeering activity, in violation of Title 18, United

19   States Code, Section 1962(d).  Is that correct?

20       DEFENDANT VILLARREAL:  Yes, sir.

21       THE COURT:  Would you please raise your right hand and

22   be sworn?

23   *(Defendant Villarreal sworn)*

24       THE COURT:  If you will move over a little bit.

25   *(Compliance)*

1          THE COURT:  United States versus James Sampsell.

2              Stand over here.

3      *(Compliance)*

4          THE COURT:  Would you state your name, please, sir?

5          DEFENDANT SAMPSELL:  James Sampsell.

6          THE COURT:  And I understand that you also wish to

7  plead guilty to Count One of the second superseding indictment

8  which charges you with conspiracy to participate in

9  racketeering activity, in violation of Title 18, United States

10  Code, Section 1962(d).  Is that correct?

11          DEFENDANT SAMPSELL:  Yes, sir.  That's correct.

12          THE COURT:  Would you please raise your right hand to

13  be sworn?

14      *(Defendant Sampsell sworn)*

15          THE COURT:  Would counsel for the government and the

16  defendants please identify themselves?

17          MR. GALLAGHER:  Ed Gallagher on behalf of the United

18  States.

19          MR. EASTEPP:  Larry Eastepp on behalf of Mr. Sampsell,

20  Your Honor.

21          MR. MARTIN:  Good morning, Judge.  I'm Tom Martin on

22  behalf of Mr. Villarreal.

23          THE COURT:  If both of you gentlemen will listen

24  carefully.  Before I can accept your guilty pleas, I must ask

25  you a number of questions.  It is very important that you

listen carefully to all of my questions and that you answer all of my questions truthfully and completely for several reasons. First, since you are now under oath, if you gave an untrue answer to a question, you could be charged with a separate crime of perjury.

Do each of you understand that?

DEFENDANT VILLARREAL: Yes, sir.

DEFENDANT SAMPSELL: Yes, sir.

THE COURT: Also, before I can accept your guilty plea, I must make a number of findings. My findings are based on your answers to my questions. In order for my findings to be correct, it is therefore necessary that all of your answers to my questions be truthful and complete.

Do each of you understand that?

DEFENDANT SAMPSELL: I do.

DEFENDANT VILLARREAL: Yes, sir.

THE COURT: Will each of you agree this morning that if you do understand anything that I say, you will stop and ask me to repeat or explain whatever you do not understand?

Mr. Sampsell, will you agree to that?

DEFENDANT SAMPSELL: Yes, sir, I will.

THE COURT: And, Mr. Villarreal, will you agree to that?

DEFENDANT VILLARREAL: Yes, sir.

THE COURT: Also, each of you may stop at any time and

speak with your attorney.  You do not need anyone's permission to speak with your attorney.

Mr. Villarreal, how old are you?

DEFENDANT VILLARREAL:  35.

THE COURT:  Did you graduate from high school?

DEFENDANT VILLARREAL:  I dropped out in eleventh grade, but I have a GED.

THE COURT:  Where were you born?

DEFENDANT VILLARREAL:  Pasadena, Texas.

THE COURT:  After you left school, did you receive any other type of formal training or education?

DEFENDANT VILLARREAL:  I took classes in welding, but I never actually graduated.  I took a class for bartending.

THE COURT:  What is the last job you held?

DEFENDANT VILLARREAL:  I worked for Iron Boss doing iron work.

THE COURT:  What did you do there?

DEFENDANT VILLARREAL:  I helped build iron structures, laid I-beams.

THE COURT:  Have you ever been diagnosed or treated for any type of mental problem?

DEFENDANT VILLARREAL:  I have taken antidepressants and psych medications, but I couldn't tell you exactly what the mental problems are.  I think I'm bipolar and manic depressive.

THE COURT:  Are you currently under the care of a

physician for those problems?

DEFENDANT VILLARREAL:  I was before this case, but since I got to the federal facility in this case, I stopped taking all of that stuff or I stopped participating in any kind of -- seeing the doctor or taking pills.

THE COURT:  Are you taking any type of medicine for your problems?

DEFENDANT VILLARREAL:  No.

THE COURT:  Have you ever been diagnosed for addiction to drugs or alcohol?

DEFENDANT VILLARREAL:  Yes, sir.

THE COURT:  Which?

DEFENDANT VILLARREAL:  Drugs.

THE COURT:  When did you last use any type of illegal drug?

DEFENDANT VILLARREAL:  The last day that I was free, April 1st, 2011.

THE COURT:  Have you taken any type of drug or medicine within the last 24 hours?

DEFENDANT VILLARREAL:  I took some antihistamine medicine for a cold I have.

THE COURT:  Mr. Martin, have you noticed any inability on your client's part to understand what is happening or to communicate with you?

MR. MARTIN:  I have had no difficulty in communicating

 1    with my client, Judge.  I also believe that he has been able to

 2    understand what we have been chatting about.

 3                THE COURT:  Mr. Villarreal, how many times have you

 4    spoken with your attorney about this case?

 5                DEFENDANT VILLARREAL:  I would say three or four

 6    times.

 7                THE COURT:  Has he discussed with you the charges

 8    against you and what the government would have to prove to

 9    establish your guilt?

10                DEFENDANT VILLARREAL:  Yes.

11                THE COURT:  Has he reviewed with you the evidence that

12    the government has against you?

13                DEFENDANT VILLARREAL:  Yes.

14                THE COURT:  Has he discussed with you how the federal

15    advisory sentencing guidelines might apply in your case?

16                DEFENDANT VILLARREAL:  Yes.

17                THE COURT:  Has your attorney answered all of your

18    questions?

19                DEFENDANT VILLARREAL:  Yes.

20                THE COURT:  Has he done everything that you have asked

21    him to do?

22                DEFENDANT VILLARREAL:  Yes.

23                THE COURT:  Are you fully satisfied with the advice

24    and counsel that your attorney has provided you?

25                DEFENDANT VILLARREAL:  Yes.

 1    THE COURT:  Mr. Sampsell, how old are you?

 2    DEFENDANT SAMPSELL:  51.

 3    THE COURT:  Where were you born?

 4    DEFENDANT SAMPSELL:  In Dallas, Texas.

 5    THE COURT:  Did you graduate from high school?

 6    DEFENDANT SAMPSELL:  Yes, I did.

 7    THE COURT:  After you completed high school, did you

 8  receive any other type of formal education or training?

 9    DEFENDANT SAMPSELL:  Yes, sir.  I went to Midwestern

10  State University and then also I participated in the program

11  that TDCJ offers for college education.

12    THE COURT:  Did you receive a college degree?

13    DEFENDANT SAMPSELL:  No, sir.

14    THE COURT:  What is the last job you held?

15    DEFENDANT SAMPSELL:  I worked at Arc Electric in

16  Midland, Texas building power lines for the oilfield.

17    THE COURT:  Have you ever been diagnosed or treated

18  for any type of mental problem?

19    DEFENDANT SAMPSELL:  No, sir.

20    THE COURT:  Have you ever been diagnosed or treated

21  for addiction to drugs or alcohol?

22    DEFENDANT SAMPSELL:  No, sir.

23    THE COURT:  Has anyone ever told you that you should

24  be treated for any type of mental problem or for any type of

25  addiction?

1            DEFENDANT SAMPSELL:  No, sir.

2            THE COURT:  Have you taken any type of drug or

3       medicine within the last 24 hours?

4            DEFENDANT SAMPSELL:  I have got two prescriptions, one

5       for high blood pressure and one for acid reflux.  GERD I guess

6       they call it.

7            THE COURT:  Does either of those medicines prevent you

8       from understanding what is happening?

9            DEFENDANT SAMPSELL:  No, sir.

10           THE COURT:  Does it interfere with your ability to

11      talk with your lawyer?

12           DEFENDANT SAMPSELL:  No, sir.

13           THE COURT:  How many times have you spoken with your

14      attorney, Mr. Eastepp, about this case?

15           DEFENDANT SAMPSELL:  Numerous.  At least 10 probably.

16           THE COURT:  Has he discussed with you the charges

17      against you and what the government would have to prove to

18      establish your guilt?

19           DEFENDANT SAMPSELL:  Yes, he has.

20           THE COURT:  Has he reviewed with you the evidence that

21      the government has against you?

22           DEFENDANT SAMPSELL:  He has.

23           THE COURT:  Has your attorney discussed with you how

24      the federal advisory sentencing guidelines might apply in your

25      case?

1    DEFENDANT SAMPSELL:  Yes, sir.

2    THE COURT:  Has he answered all of your questions?

3    DEFENDANT SAMPSELL:  He has.

4    THE COURT:  Has he done everything that you have asked

5 him to do?

6    DEFENDANT SAMPSELL:  Yes, he has.

7    THE COURT:  Are you fully satisfied with the advice

8 and counsel that your attorney has provided you?

9    DEFENDANT SAMPSELL:  I am.

10    THE COURT:  If both of you gentlemen will please

11 listen.  You do not have to plead guilty.  You have a right to

12 go to trial.  If you went to trial, you would have the right to

13 the assistance of an attorney.  If you could not afford an

14 attorney, the Court could appoint an attorney for you.  You

15 would have the right to see and hear the government's witnesses

16 at trial and have your attorney question them.  You would have

17 the right to compel other people to come into court and provide

18 evidence for you.  You would not be required to testify at a

19 trial, and you could not be convicted at trial unless the jury

20 unanimously found beyond a reasonable doubt that you were

21 guilty.  If you plead guilty today, however, there will not be

22 a trial and you will give up the right to a trial and all of

23 the protections associated with a trial.

24    Do you understand that?

25    DEFENDANT VILLARREAL:  Yes.

1          DEFENDANT SAMPSELL:  Yes, sir.

2          THE COURT:  All right.  The offenses you are pleading

3    guilty to are felony offenses.  That means you will lose the

4    right to vote, to hold public office, to serve on a jury and to

5    possess a firearm.

6              The maximum sentence that you face, if you plead

7    guilty, is life in prison and a fine of $250,000 and forfeiture

8    of all property acquired in violation of the conspiracy and

9    restitution to any victim and five years of supervised release

10   and a $100 special assessment.

11             Mr. Sampsell, do you understand those are the

12   possible consequences of a guilty plea?

13         DEFENDANT SAMPSELL:  Yes, sir, I do.

14         THE COURT:  Mr. Villarreal, do you understand that

15   those are the possible consequences of a guilty plea?

16         DEFENDANT VILLARREAL:  Yes, sir.

17         THE COURT:  There is no parole in federal court.  That

18   means you will actually have to serve your term in prison.

19   Your term of supervised release will be subject to a number of

20   conditions which will be monitored by a probation officer.  If

21   I found that you violated those conditions, I could revoke your

22   supervised release and send you back to prison without any

23   credit for the time that you had already served on supervised

24   release.  No determination has been made about what your

25   sentence will be.  If I accept your guilty plea, a probation

officer will interview you, investigate the facts of the case and prepare a presentence report.

You will have an opportunity to read the report and to discuss the report with your attorney before your sentencing. You or the government may file objections to the presentence report. At the time of your sentencing, I will rule on any objections to the presentence report and then I will determine your advisory guideline range and your sentence.

What you need to understand today is that this process of determining your sentence has not yet begun. That means no one knows what advisory guideline range the probation officer will recommend or what advisory guideline range I will find applicable or what sentence I will impose.

Mr. Villarreal, do you understand that?

DEFENDANT VILLARREAL: Yes, sir.

THE COURT: Mr. Sampsell, do you understand that?

DEFENDANT SAMPSELL: Yes, sir.

THE COURT: If the sentence that I impose is greater than the sentence that you now expect or greater than the sentence that your attorney or anyone else may have predicted, you will be bound by your guilty plea today, regardless of your sentence. You will not be allowed to change your mind and withdraw your guilty plea because you are not satisfied with your sentence.

Mr. Sampsell, do you understand that?

1          DEFENDANT SAMPSELL:  I do.

2          THE COURT:  And, Mr. Villarreal, do you understand

3     that?

4          DEFENDANT VILLARREAL:  Yes, sir.

5          THE COURT:  The government has furnished me with

6     copies of written plea agreements for each of you.

7               Mr. Villarreal, have you read your plea

8     agreement?

9          DEFENDANT VILLARREAL:  Yes, sir.

10         THE COURT:  When did you read it?

11         DEFENDANT VILLARREAL:  October.

12         THE COURT:  Now it's February.  Have you read it since

13    October?

14         DEFENDANT VILLARREAL:  Yes.

15         THE COURT:  When did you -- have you discussed it with

16    your attorney since October?

17         DEFENDANT VILLARREAL:  Yes.

18         THE COURT:  When did you discuss it with your

19    attorney?

20         DEFENDANT VILLARREAL:  I think we met in December,

21    January.

22         THE COURT:  How much time altogether would you say you

23    have spent discussing it with your attorney?

24         DEFENDANT VILLARREAL:  We spent over an hour.

25         THE COURT:  Did he answer any questions you had about

1   it?

2           DEFENDANT VILLARREAL:  Yes, sir.

3           THE COURT:  Mr. Sampsell, have you read your plea

4   agreement?

5           DEFENDANT SAMPSELL:  Yes, sir, I have.

6           THE COURT:  When did you read it?

7           DEFENDANT SAMPSELL:  I think the latest was last week.

8   Was it last week?  It hasn't been longer than two weeks.

9           MR. EASTEPP:  And various iterations is what he is

10  talking about that we have gone over.

11          THE COURT:  Have you discussed it with your attorney?

12          DEFENDANT SAMPSELL:  Yes, sir, I have.

13          THE COURT:  How much time altogether would you say you

14  spent discussing it with your attorney?

15          DEFENDANT SAMPSELL:  Numerous hours.

16          THE COURT:  Did he answer any questions you may have

17  had about it?

18          DEFENDANT SAMPSELL:  He answered all my questions.

19          THE COURT:  Do both of you have copies there before

20  you?

21          DEFENDANT SAMPSELL:  Yes, sir.

22          THE COURT:  You may want to refer to them.  I'm going

23  to cover the essential elements again just to be sure you

24  understand them.

25              In paragraph 1 of each of your agreements, you

1    agree to plead guilty to Count One of the second superseding

2    indictment, which I described earlier.

3                On page 3, paragraph 7, your agreements each

4    state:  Defendant is aware that Title 18, United States Code,

5    Section 3742 affords a defendant the right to appeal the

6    sentence imposed.  The defendant agrees to waive the right to

7    appeal the sentence imposed or the manner in which it was

8    determined on any grounds set forth in Title 18, United States

9    Code, Section 3742.

10               Mr. Villarreal, have you discussed that provision

11   of your plea agreement with your attorney?

12               DEFENDANT VILLARREAL:  Yes, sir.

13               THE COURT:  And as part of your plea agreement, do you

14   wish to waive the right to appeal your sentence imposed or the

15   manner in which it was determined?

16               DEFENDANT VILLARREAL:  Yes.

17               THE COURT:  Mr. Sampsell, have you discussed that

18   provision of your plea agreement with your attorney?

19               DEFENDANT SAMPSELL:  Yes, sir.

20               THE COURT:  And as part of your plea agreement, do you

21   also wish to waive the right to appeal the sentence imposed or

22   the manner in which the sentence was determined?

23               DEFENDANT SAMPSELL:  Yes, sir.

24               THE COURT:  Paragraph 7 of each of your agreements

25   then says:  Additionally, the defendant is aware that Title 28,

United States Code, Section 2255 affords the right to contest
or collaterally attack a conviction or sentence after the
conviction or sentence has become final.

The defendant waives the right to contest his
conviction or sentence by means of any post-conviction
proceeding.

Mr. Villarreal, have you also discussed that
provision of your plea agreement with your attorney?

DEFENDANT VILLARREAL:  Yes, sir.

THE COURT:  And as part of your plea agreement, do you
also wish to waive the right to contest your conviction or
sentence by means of any post-conviction proceeding?

DEFENDANT VILLARREAL:  Yes, sir.

THE COURT:  Mr. Sampsell, have you also discussed that
provision of your plea agreement with your attorney?

DEFENDANT SAMPSELL:  I have.

THE COURT:  And as part of your plea agreement, do you
also wish to waive the right to contest your conviction or
sentence by means of any post-conviction proceeding?

DEFENDANT SAMPSELL:  Yes, sir, I do.

THE COURT:  In paragraph 9 of Mr. Villarreal's plea
agreement and paragraph 10 of Mr. Sampsell's agreement, the
government agrees that each defendant is entitled to a
two-level downward adjustment for pleading guilty and that if
the offense level is 16 or more, the government will move for

1  an additional one-level downward adjustment.

2  In Mr. Villarreal's agreement, the government

3  agrees not to request an upward departure.  In Mr. Sampsell's

4  agreement, the government agrees that it will dismiss all

5  remaining counts at the time of sentencing, and it will not

6  request an upward departure or an aggravating role adjustment.

7  As to the last promises, I will listen to the

8  government's recommendation, but I'm not bound by the

9  government's recommendation, and should I decide to depart

10  upward or should I decide that you're entitled to an aggravated

11  role adjustment, each of you will still be bound by your plea

12  agreements.

13  Mr. Sampsell, do you understand that?

14  DEFENDANT SAMPSELL:  Yes, sir.

15  THE COURT:  Mr. Villarreal, do you understand that?

16  DEFENDANT VILLARREAL:  Yes, sir.

17  THE COURT:  Mr. Villarreal, other than the factual

18  basis for your guilty plea, which I will discuss in a moment,

19  have I correctly described your plea agreement with the

20  government as you understand it?

21  DEFENDANT VILLARREAL:  Yes.

22  THE COURT:  Other than what is stated in this written

23  plea agreement, has the United States government made any

24  promises to you in connection with your guilty plea?

25  DEFENDANT VILLARREAL:  No, sir.

1          THE COURT:  Pardon me?

2          DEFENDANT VILLARREAL:  No, sir.

3          THE COURT:  Has anyone threatened you or forced you to

4    plead guilty?

5          DEFENDANT VILLARREAL:  No, sir.

6          THE COURT:  Has anyone promised you what sentence you

7    will receive if you plead guilty?

8          DEFENDANT VILLARREAL:  No, sir.

9          THE COURT:  Mr. Sampsell, other than the factual basis

10   for your guilty plea, which I will discuss in a moment, have I

11   correctly described your plea agreement with the government as

12   you understand it?

13         DEFENDANT SAMPSELL:  Yes, sir, you have.

14         THE COURT:  Other than what is stated in this written

15   plea agreement, has the United States government made any

16   promises to you in connection with your guilty plea?

17         DEFENDANT SAMPSELL:  No, sir.

18         THE COURT:  Has anyone threatened you or forced you to

19   plead guilty?

20         DEFENDANT SAMPSELL:  No, sir.

21         THE COURT:  Has anyone promised you what sentence you

22   will receive if you plead guilty?

23         DEFENDANT SAMPSELL:  No, they haven't.

24         THE COURT:  In order for the government to prove your

25   guilt at trial, the government would have to show that the

Aryan Brotherhood of Texas was an enterprise.  Second, that the
enterprise was engaged in or that its activities affected
interstate or foreign commence.  Third, that each of you was
employed by or associated with the enterprise and last, that
each of you knowingly agreed with at least one other person to
conduct or participate in the conduct of the enterprise's
affairs through a pattern of racketeering activity.

Mr. Villarreal, in your plea agreement at
pages 7, 8, 9, 10, 11 and 12, there is a description of the
Aryan Brotherhood of Texas and its activities which constitute
a racketeering enterprise.

Have you carefully read those pages of the plea
agreement?

DEFENDANT VILLARREAL:  Yes, sir.

THE COURT:  Are the facts stated as to the Aryan
Brotherhood of Texas true?

DEFENDANT VILLARREAL:  Yes, sir.

THE COURT:  On pages 13, 14 and 15, the agreement sets
out and stipulates facts that establish your guilt.  Under the
heading on page 13, "Facts of the Offense," your plea agreement
says:  The defendant agrees and stipulates that he knowingly
conspired and agreed to conduct and participate directly and
indirectly in the conduct of the affairs of the Aryan
Brotherhood of Texas.  And then beginning at the next
paragraph:  The defendant admits to the following, and there is

1  a list of various crimes that you committed.

2          Have you carefully read pages 13, 14 and 15 of

3  the plea agreement?

4          DEFENDANT VILLARREAL:  Yes, sir.

5          THE COURT:  Are all of the facts stated there true?

6          DEFENDANT VILLARREAL:  Yes.

7          THE COURT:  Did you do everything described on those

8  pages of your plea agreement?

9          DEFENDANT VILLARREAL:  Yes, I did.

10          THE COURT:  And, Mr. Sampsell, in your plea agreement,

11  beginning on page 6 and going through the top of page 11, there

12  is a description of the Aryan Brotherhood of Texas and its

13  activities which constitute a racketeering enterprise.

14          Have you carefully read those pages of the plea

15  agreement?

16          DEFENDANT SAMPSELL:  I have.

17          THE COURT:  Is the description of the Aryan

18  Brotherhood of Texas true and correct?

19          DEFENDANT SAMPSELL:  Yes, sir.

20          THE COURT:  In your plea agreement, on pages 11, 12

21  and the top of 13, there is a factual basis for your guilty

22  plea.  On page 11, under the heading "Facts of the Offense,"

23  your plea agreement says:  The defendant agrees and stipulates

24  that he knowingly conspired and agreed to conduct and

25  participate directly and indirectly in the conduct of the

affairs of the Aryan Brotherhood of Texas enterprise. And then

beginning in the next paragraph: The defendant admits the

following, and then there is a list of your activities and

various crimes you committed.

Have you carefully read pages 11, 12 and 13 of

your plea agreement?

DEFENDANT SAMPSELL: Yes, sir.

THE COURT: Are the offenses stated there true?

DEFENDANT SAMPSELL: Yes, sir, they are.

THE COURT: Did you do everything described in those

pages of the plea agreement?

DEFENDANT SAMPSELL: I did.

THE COURT: Mr. Villarreal, how do you plead to Count

One of the second superseding indictment? Guilty or not

guilty?

DEFENDANT VILLARREAL: Guilty.

THE COURT: Do you think any other advice of rights is

required before I can accept your client's plea?

MR. MARTIN: I do not, Judge.

THE COURT: Mr. Sampsell, how do you plead to Count

One of the second superseding indictment? Guilty or not

guilty?

DEFENDANT SAMPSELL: Guilty.

THE COURT: Mr. Eastepp, do you think any other advice

of rights is required before I can accept your client's plea?

1    MR. EASTEPP:  I do not believe so, Your Honor.

2    THE COURT:  It is the finding of the Court that both

3  Mr. Villarreal and Mr. Sampsell are fully competent and capable

4  of entering an informed plea, that each defendant's plea of

5  guilty is a knowing and voluntary plea supported by an

6  independent basis-in-fact establishing each of the essential

7  elements of the offense and that each defendant has knowingly

8  and voluntarily waived his right to appeal his conviction or

9  sentence or to collaterally attack his conviction or sentence.

10    I therefore accept each defendant's plea and now

11  adjudge each defendant guilty of Count One of the second

12  superseding indictment.

13    You may now sign the plea agreements if you have

14  not already done so.

15    *(Compliance)*

16    MR. GALLAGHER:  Your Honor, both plea agreements have

17  been executed and handed to the clerk.

18    THE COURT:  Each defendant will be sentenced on

19  October 7 at 2:00 p.m.

20    Does either counsel wish to say anything else?

21    MR. GALLAGHER:  Not from the United States, Your

22  Honor.

23    MR. MARTIN:  Not for Mr. Villarreal, Judge.

24    THE COURT:  Mr. Eastepp, do you have anything else?

25    MR. EASTEPP:  No, Judge.

1          THE COURT:  The defendants are remanded to the custody

2    of the marshal.

3              I would like counsel to stick around a minute.

4         *(Proceedings concluded at 11:57 a.m.)*

5                              * * * *
     *I certify that the foregoing is a correct transcript from*
6    *the record of proceedings in the above-entitled cause.*

7    *Date: August 5, 2015*

8

                                 */s/ Mayra Malone*
9                                ----------------------------------------
                                 *Mayra Malone, CSR, RMR, CRR*
10                               *Official Court Reporter*

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25